1  WO

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8  Tad Pry,                        )
                                    )
9                  Plaintiff,      )
                                    )
10        v.                       )    CIV 04-2166 PHX EHC (VAM)
                                    )
11  Bennie Rollins, et al.,        )    O R D E R
                                    )
12  _____ Defendants. )

13      On January 31, 2006, plaintiff filed a motion for appointment

14  of counsel.  There is no constitutional right to appointment of

15  counsel in a civil case.  See Ivey v. Board of Regents of

16  University of Alaska, 673 F.2d 266 (9th Cir. 1982); Randall v.

17  Wyrick, 642 F.2d 304 (8th Cir. 1981).  Moreover, the only

18  statutory authority creating a basis for appointment is 28 U.S.C.

19  §1915(e)(1), which confers on the court the discretion to appoint

20  counsel to represent an indigent civil litigant.  Aldabe v.

21  Aldabe, 616 F.2d 1089 (9th Cir. 1980).  The Court cannot compel a

22  lawyer to represent an indigent plaintiff.  Mallard v. U.S.

23  District Court for the Southern District of Iowa, 490 U.S. 296

24  (1989).  An appointment of counsel may be requested under 28

25  U.S.C. §1915(e)(1) only in "exceptional circumstances."  Aldabe,

26  616 at 1089; Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986).

27      This rule is derived from Weller v. Dickson, 314 F.2d 598,

28  600 (9th Cir.), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11

1    L.Ed.2d 72 (1963) which held that "the privilege of pleading in

2    forma pauperis . . . in civil actions for damages should be

3    allowed only in exceptional circumstances."   See Wilborn, 789 F.2d

4    at 1328.   Weller was extended, without apparent comment, to

5    "appointment of counsel" in United States v. Madden, 352 F.2d 792,

6    794 (9th Cir. 1965).   Madden was then cited for the rule in

7    Alexander v. Ramsey, 539 F.2d 25, 26 (9th Cir. 1976); United

8    States v. McQuade, 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal

9    after remand, 647 F.2d 938, 940 (9th Cir. 1981), cert. denied, 455

10   U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1983); Aldabe, 616 at

11   1093; and Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).

12        A finding of exceptional circumstances requires an evaluation

13   of both "the likelihood of success on the merits [and] the ability

14   of the petitioner to articulate his claims pro se in light of the

15   complexity of the legal issues involved."   Weygandt v. Look, 718

16   F.2d 952, 954 (9th Cir. 1983), quoted in Richards v. Harper, 864

17   F.2d 85 (9th Cir. 1988).   Neither of these factors is dispositive

18   and both must be viewed together before reaching a decision on a

19   request for counsel under section 1915(d).   Wilborn, 789 F.2d at

20   1331.

21        Here, plaintiff has not demonstrated a likelihood of success

22   on the merits.   In addition, plaintiff has failed to show that any

23   difficulty he is experiencing in attempting to litigate this case

24   is derived from the complexity of the issues involved.   While most

25   actions, such as the instant case, require development of

26   supporting facts during litigation and a pro se litigant will

27   seldom be in a position to investigate easily the facts to support

28                                    2

1    the case, this does not equate with showing the complexity of the

2    relevant issues.  <u>Wilborn</u>, 789 F.2d at 1331.

3        The Ninth Circuit has held that the constitutional right of

4    access to the courts requires that the state provide assistance

5    only through the pleading stage.  <u>Cornett v. Donovan</u>, 51 F.3d 894,

6    898 (9th Cir. 1995), <u>cert. denied</u>, 518 U.S. 1033, 116 S. Ct. 2580

7    (1996).  This case is beyond the pleading stage and at the present

8    time does not present "exceptional circumstances" requiring the

9    appointment of counsel.

10       **IT IS THEREFORE ORDERED** that plaintiff's motion for

11   appointment of counsel is denied without prejudice.  (Doc. 47).

12       DATED this 9th day of February, 2006.

Virginia A. Mathis
United States Magistrate Judge

3